IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN HOME ASSURANCE COMPANY,<br><br>        Plaintiff,<br><br>  v.<br><br>TUTOR-SALIBA CORPORATION/O & G INDUSTRIES, INC. J.V.; et al.,<br><br>        Defendants. | Case No. 15-cv-00303-SC<br><br>SCHEDULING ORDER AND ORDER DENYING IMPROPER ADMINISTRATIVE <u>MOTION</u> |

Now before the Court is Defendants Tutor Saliba Corporation, O&G Industries, Inc. and Tutor Saliba Corporation/O&G Industries, Inc. J.V.'s (collectively "Tutor") administrative motion to dismiss Plaintiff's motion for summary judgment as premature. ECF No. 32 ("Mot."). The motion is unopposed, and it is DENIED. However, the Court will adjust the briefing schedule, hearing date, and deadline to respond to Plaintiff's complaint, as described below.

This case was filed on January 21, 2015, and Plaintiff American Home Assurance Company ("American Home") moved for summary judgment on February 13, before any defendant had responded to the

complaint. American Home and Defendant R&L Brosamer, Inc. ("Brosamer") stipulated to continue the hearing on the summary judgment motion and to extend time for Brosamer to respond to both the complaint and the summary judgment motion. American Home and Tutor, however, did not reach such an agreement. Instead, Tutor filed an improper administrative motion under Civil Local Rule 7-11 requesting that the Court deny American Home's summary judgment motion without prejudice.

Civil Local Rule 7-11 provides for the filing of motions to deal with "miscellaneous administrative matters, not otherwise governed by a federal statute, Federal or local rule or standing order of the assigned judge." Tutor's motion is improper in every possible way. First, the denial of a dispositive motion is not a "miscellaneous administrative matter." Second, the relief Tutor seeks -- denial of American Home's summary judgment motion without prejudice or, in the alternative, continuation of the hearing date and briefing schedule -- is explicitly governed by Federal Rule of Civil Procedure 56(d).

Rule 56(d) permits the Court to postpone ruling on a motion for summary judgment "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Indeed, Tutor seeks denial or deferral of the motion because "[t]he parties have limited information about the facts determining coverage [this is an insurance case] as discovery has been stayed in the underlying action . . . ." Mot. at 3. To prevail under this Rule, a party opposing a motion for summary judgment must make "(a) a timely application which (b) specifically identifies (c) relevant

1 information, (d) where there is some basis for believing that the
2 information sought actually exists." Emp'rs Teamsters Local Nos.
3 175 & 505 Pension Tr. Fund v. Clorox Co., 353 F.3d 1125, 1129-30
4 (9th Cir. 2004).  "The burden is on the party seeking additional
5 discovery to proffer sufficient facts to show that the evidence
6 sought exists, and that it would prevent summary judgment." Chance
7 v. Pac-Tel Teletrac Inc., 242 F.3d 1151, 1161 n.6 (9th Cir. 2001).
8 Additionally, "[t]he district court does not abuse its discretion
9 by denying further discovery if . . . the movant fails to show how
10 the information sought would preclude summary judgment." Cal.
11 Union Ins. Co. v. Am. Diversified Sav. Bank, 914 F.2d 1271, 1278
12 (9th Cir. 1990) (citations omitted).

13     Thus, even were the Court to treat Tutor's motion as a Rule
14 56(d) request, it would be denied.  Tutor attached a declaration to
15 its motion, but that declaration merely asserts that Tutor
16 contacted American Home regarding a stipulation to a new briefing
17 schedule and never got an affirmative response.  See ECF No. 32-2.
18 There is no discussion of the information Tutor needs, no reason
19 for believing that the information Tutor seeks actually exists, and
20 no discussion of why that information might defeat summary
21 judgment.  The declaration utterly fails to comply with the Ninth
22 Circuit's requirements for a Rule 56(d) request.  Were Tutor's
23 motion properly brought as a Rule 56(d) request in its opposition
24 brief, the Court would deny a Rule 56(d) request that fails so
25 thoroughly to adhere to the standards provided by the Federal Rules
26 of Civil Procedure and the Ninth Circuit.

27     Nonetheless, American Home and Brosamer have agreed to
28 continue the hearing date on the summary judgment motion and to

extend the briefing schedule.  See ECF No. 35.  It would be inequitable for the Court to require Tutor to follow the original schedule, despite Tutor's disregard of the Local Rules and Federal Rules of Civil Procedure.  The agreement between American Home and Brosamer to continue the motion and extend the deadlines, as well as the lack of any opposition to Tutor's improper motion, demonstrate that such extension would not prejudice any other party.  Accordingly, the Court hereby ORDERS as follows:

- The hearing on Plaintiff's motion for summary judgment (ECF No. 25) is hereby continued to May 15, 2015 at 10:00 a.m.;
- Defendants shall file any opposition to the motion for summary judgment by April 17, 2015;
- Plaintiff shall file any reply in support of the motion for summary judgment by April 24, 2015;
- Defendants shall file any responses to Plaintiff's complaint, ECF No. 1, by April 10, 2015 (the last to day to file a motion to be heard on May 15, pursuant to Civil Local Rule 7-2(a));
- Brosamer's motion to extend time, ECF No. 28, is TERMINATED;
- Tutor's administrative motion, ECF No. 32, is DENIED; and
- The parties are instructed to comply with the Civil Local Rules and Federal Rules of Civil Procedure in all future filings.

IT IS SO ORDERED.

Dated: February 26, 2015

_____
UNITED STATES DISTRICT JUDGE